942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent E. LEE, Defendant-Appellant.
 No. 90-10596.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 28, 1991.
 
 Before JAMES R. BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vincent E. Lee appeals the district court's affirmance of his misdemeanor conviction before a magistrate for being the registered owner of a car without valid no-fault insurance, in violation of Hawaii Revised Statute § 431:10C-104. Lee contends that the trial court's admission of hearsay evidence constituted reversible error. We have jurisdiction under 28 U.S.C. § 1291 and affirm the conviction.
 
 
 3
 The admission of hearsay may violate the rights guaranteed under the confrontation clause of the sixth amendment. See United States v. Magana-Olvera, 917 F.2d 401, 409 (9th Cir.1990). Nevertheless, "[c]onfrontation clause violations are subject to harmless error analysis. Reversal is not required if 'the error was harmless beyond a reasonable doubt.' " Id.
 
 
 4
 In order to support a conviction under the Hawaii vehicle insurance law, the government must prove that the defendant was the owner, operator or registrant of the uninsured vehicle. Hawaii Revised Statute § 431:10C-117.
 
 
 5
 Here, the district court reviewing the magistrate's findings concluded that the admission of certain hearsay evidence was error.[1] Nevertheless, the district court deemed the error harmless because Boock "gave testimony based on personal knowledge acquired during his possession of the actual vehicle registration form." ER at 11.[2]
 
 
 6
 There was sufficient evidence to establish that the error was harmless beyond a reasonable doubt. After viewing the registration form, Boock notified Lee that the car was impounded and asked Lee to come to Boock's office. Lee appeared in Boock's office and at no time denied owning the car. At trial, Lee's friend, David Bitter, testified in Lee's defense and stated that Lee was the registered owner of the vehicle. Considering all the evidence, the trial court's admission of hearsay statements was harmless. See Magana-Olvera, 917 F.2d at 409.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government called Army Sgt. Daniel Boock to testify. Boock stopped the car because it was speeding in Fort DeRussy, a U.S. Military Reservation. Lee was not present in the car. Boock stated that Lee was the registered owner of the vehicle in question. His conclusion was partially based on a radio communication from a police operator who extracted the information from the National Crime Information Center (NCIC). The district court determined that Boock's statement based on the NCIC report was hearsay and should have been excluded
 
 
 [2]
 Lee argues that Boock's statement based on his observation of the registration form is inadmissible hearsay. He contends that the form contained written assertions as to who the vehicle was registered. Although Boock observed the form and its content, his statement of what the form asserted was offered for its truth, namely, that Lee was the registered owner of the car
 We refrain from deciding Lee's contention because, even assuming its validity, the evidence clearly established that Lee was the vehicle's registered owner.